Justice.Ginsburg,
with whom Justice Breyer joins,
dissenting.
Essentially for reasons stated by Justice Stevens, I conclude that 28 U. S. C. § 2255, ¶ 6(3), is most sensibly read to start the time clock on the date a right is “made retroactively applicable to cases on collateral review.” I therefore join, in principal part, Part II of Justice Stevens’ dissenting opinion.*
*372 The Court’s interpretation — that the limitation period begins on “the date on which the right asserted was initially recognized by [this] Court,” 28 U. S. C. § 2255, ¶ 6(3)—presents “a real risk that the 1-year limitation period will expire before [a §2255 petitioner’s] cause of action accrues,” ante, at 364 (Stevens, J., dissenting). By contrast, as Justice Breyer explains in his dissenting opinion in Graham County Soil & Water Conservation Dist. v. United States ex rel. Wilson, post, at 427-428, a determination that the False Claims Act’s six-year statute of limitations, see 31 U. S. C. § 3731(b)(1), governs civil suits for retaliation under the Act, see § 3730(h), ordinarily would work no claim deprivation. See ante, at 366-367 (Stevens, J., dissenting) (In Graham County, “the possibility that the 6-year statute of limitations period could run before the cause of action accrued, while plausible, was not particularly likely, since in most cases the retaliatory conduct that would form the basis of the cause of action under 31 U. S. C. § 3730(h) would probably occur within six years of the violation of §3729. [In cases like Dodd, on the other hand,] owing to the substantially shorter 1-year statute of limitations period, both requirements of 28 U. S. C. § 2255, ¶ 6(3), will often not be met before the statute of limitations period has expired if it is triggered by the decision of the Supreme Court announcing a new rule.” (footnote omitted)).
Nearly 20 years have passed since Congress amended 31 U. S. C. § 3731(b)(1) to provide that “[a] civil action under section 3730 may not be brought . . . more than 6 years after the date on which the violation of section 3729 is committed.” See Graham County, post, at 412-413. Yet petitioner Graham County District has been unable to cite a single instance in which a suit has been time barred because the alleged *373 retaliation proscribed by § 3730(h) fell outside the period triggered by submission of a false claim in violation of § 3729. See Tr. of Oral Arg. in No. 04-169, pp. 4-6; Brief for Respondent in No. 04-169, pp. 4, 15-16; Brief for United States as Amicus Curiae in No. 04-169, pp. 27-28; see also Graham County, post, at 427 (Breyer, J., dissenting). As Dodd’s case illustrates, however, on the Court’s reading, it is “highly probable” that the 28 U. S. C. § 2255, ¶ 6(3), limitation “would bar relief before the claim can be brought.” Ante, at 368-369 (Stevens, J., dissenting). Accordingly, I would not, as Justice Stevens does, bracket the instant case with Graham County.
True, the limitation period in Graham County, like the § 2255, ¶ 6(3), limitation, is triggered by an event that may precede the accrual date of a claim. But the resemblance ends there. The generous six-year span in 31 U. S. C. § 3731(b)(1), in practical effect, will give the plaintiff leeway to commence suit she likely will not have under the typically shorter state limitation. See Graham County, post, at 427 (Breyer, J., dissenting). The opposite effect would attend 28 U. S. C. § 2255, ¶ 6(3). The one-year limitation specified there, if triggered by the date on which this Court “initially recognized” the right asserted, bars Dodd and will bar most “new rule” petitioners from presenting their claims. It exalts form over reality to equate the two statutes and cases for time-bar purposes.

Petitioner and the Government assume, for the purpose at hand, that a controlling decision whether a right operates retroactively may be made by a court of appeals. See Tr. of Oral Arg. 5-7, 20, 24, 41; Brief for Petitioner 13-14, and n. 2, 25, and n. 5, 26-28; Brief for United States 17-18, and n. 5, 23. We have no cause in this case to question that assump *372 tion. I therefore do not subscribe to Justice Stevens’ statements that only this Court has the prerogative to make the retroactivity determination. See ante, at 365-366, n. 4. I would await full adversarial presentation before expressing an opinion on that issue.